**David DOUEK, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF EDUCATION, City University of New York, Hunter College, Charles Masterson, Anna Castaldo, Linda C. Co-**

lon, Helen N. Whitney, John Bilinski, Brenda E. Johnson, Wendella P. Fox, Roberta Nord, Matthew Goldstein, Robert O. Swain, Rafael Ferrer, Michael Escott, Laura Stealthier–Schacter, Sandra Clarkson, Robert McGarry, Martin Fenton, Sylvia Fishman, Ruth Brooks, Janet Robertson, Dawn Klimovich, Linda Chen, Mark Weinstock, Sanford Wurmfield, Susan Srile, Andrea Blum, Nari Ward, Natalie Reitano, John Lango, Jennifer Raab, New Media Learning, L.L.C., United States Department of Labor, Defendants–Appellees,

**John Doe, Megan Canning, Eija Ayravainen, Defendants.**

No. 05–4409–cv.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

David Douek, pro se, New York, NY, for Plaintiff–Appellant.

Ann P. Zybert, Assistant Solicitor General, (Robert Easton, Deputy Solicitor General, of counsel), for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for State Defendants–Appellees.

James H. McQuade, Orrick, Herrington & Sutcliffe LLP (Michael Delikat, on the brief), New York, NY, for Defendant–Appellee New Media Learning LLC.

Lara K. Eshkenazi, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, for Defendant–Appellees the United States Departments of Education and Labor.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant David Douek, proceeding *pro se*, appeals from a May 9, 2005 judgment of the United States District Court for the Southern District of New York (Wood, *J.*) dismissing all claims against Defendants–Appellants. Appellant alleges error as to a March 22, 2005 opinion and order of the United States District Court for the Southern District of New York (Wood, *J.*) which, adopting the Report and Recommendation of Magistrate Judge Freeman, granted the Appellees' motions to dismiss pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.* *See Douek v. U.S. Dep't of Educ.*, No. 02 CV 9758, 2005 WL 659236, at *1 (S.D.N.Y. March 22, 2005). We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

This Court reviews *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000).

---

* The district court also ordered Appellant to show cause by April 11, 2005 why certain claims should not be dismissed. The Affirmation that Appellant subsequently submitted did not respond to the district court's order to show cause. Accordingly, the district court issued an order on April 21, 2005 dismissing the outstanding claims for the reasons stated in its previous order and denying all of the requests made in Appellant's Affirmation.

Dismissal is "appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief.'" *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To the extent that the complaint was dismissed for lack of subject-matter jurisdiction, that decision is reviewed *de novo* as well. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

We have considered all of Appellant's arguments, and, like the district court, we have construed his *pro se* submissions liberally, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006). For substantially the reasons stated in the district court's March 22, 2005 order, we hold that Appellant's complaint was properly dismissed. We note that both Judge Wood and Magistrate Judge Freeman analyzed Appellant's claims thoroughly and construed his pleadings liberally.

Accordingly, the judgment of the district court is AFFIRMED.